**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNDERGROUND PARENT LLC | : | CIVIL CASE NO. |
|     Plaintiff, | : | 3:25-cv-1792 (JCH) |
| | : | |
| | : | |
| v. | : | |
| | : | |
| AMAN BERI AND VANDANA BERI | : | APRIL 9, 2026 |
|     Defendant. | : | |

**RULING ON MOTION TO REMAND (Doc. No. 21)**

**I.    DISCUSSION**

The court grants The Motion to Remand (Doc. No. 21), filed by Underground Parent LLC, based on a Notice of Removal (Doc. No. 1) that is deficient in that it does not include both defendants joining in the Notice.  Defendant Aman Beri raises various arguments in Opposition (Doc. No. 26), and he has filed numerous other pleadings in connection with his Opposition.

Mr. Beri argues service on Ms. Beri is improper and therefore her joining the Remand Notice was not required.  However, the plaintiff has come forward with significant evidence that, under Connecticut law, service pursuant to C.G.S. § 52-57a can be adequate if left outside the door of the abode.  The court concludes that the circumstances surrounding service and attempts at service at Ms. Beri's abode, <u>see</u> Affidavit and the Verified Return of Service (Doc. No. 30-1), set forth a very substantial basis for service as was affected in this case upon Ms. Beri under Connecticut law.  <u>See</u> <u>Fine Homebuilders, Inc. v. Perrone</u>, 98 Conn. App. 852, 861 (2006) (holding that service of process at a locked front gate of a gated single family estate was reasonably calculated to provide actual notice to homeowners .  Further, the burden is on Mr. Beri, as the person challenging the place of service, to show that the address served is not

1

Ms. Beri's usual place of abode.  See Phan v. Delgado, 41 Conn. Supp. 367, 370

(Super. Ct. 1990); Standard Tallow Corp. v. Jowdy, 190 Conn. 48, 53-54 (1983).  He

has not submitted any admissible support for his challenge to the address.  However,

the plaintiff has come forward with substantial and convincing evidence that Ms. Beri did

have a usual place of abode at 2600 P**** D****, Walnut Creek, California.  See

Declaration of Summer Dos Santos (Doc. No. 30-1).

Having reviewed the other arguments of defendant Beri, the court concludes they

are baseless.[1]


## II.    CONCLUSION

For the reasons stated above, the court grants the defendant's Motion for

Remand (Doc. No. 21).


**SO ORDERED.**

Dated at New Haven, Connecticut this 9th day of April 2026.


 /s/ Janet C. Hall
Janet C. Hall
United States District Judge

---

[1] Mr. Beri submitted various filings concerning a deed for 2600 P**** D****.  See Certified Grant Deed (Doc. No. 34-1).  This deed shows some one other than Ms. Beri holds the title to the property. That, however, is not proof that the property is not the usual place of abode for Ms. Beri at the time of service.  For example, she could have rented the property.  Again, the burden is on Mr. Beri to show failure of service.